EUGENE I. KIRKLAND AND DOROTHY C. KIRKLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirkland v. Commissioner
Docket No. 10654-91
United States Tax Court
T.C. Memo 1994-220; 1994 Tax Ct. Memo LEXIS 221; 67 T.C.M. (CCH) 2976; May 19, 1994, Filed *221 Eugene I. Kirkland and Dorothy C. Kirkland, pro se. For respondent: Linda J. Wise. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: For taxable year 1987, respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 12,669. The issues for our consideration for taxable year 1987 are: (1) Whether a single payment in the amount of $ 62,664.27 received by petitioner Eugene Kirkland from his retirement plan constitutes taxable income. We hold that it does. (2) Whether petitioners are entitled to use the 5-year forward income-averaging method for calculating tax on lump-sum distributions provided in section 402(e). [1] We hold that they are not. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this *222 reference. All references to petitioner in the singular are to Eugene I. Kirkland. Petitioners resided in Huntsville, Alabama, at the time they filed the petition in this case. During the year at issue, petitioners were married and filed a joint Federal income tax return. Petitioner was employed as an aerospace engineer at Marshall Space Flight Center for more than 30 years before retiring on January 2, 1987, at the age of 71. During his employment, petitioner was covered by the Civil Service Retirement System (CSRS). As a participant in the CSRS, petitioner was required to contribute part of his salary to the retirement plan. During his tenure at the Marshall Space Flight Center, petitioner made after-tax contributions into the CSRS totaling $ 65,616.27. The amounts withheld from petitioner's salary were taxed in the years in which they were withheld. Petitioner was not taxed on the amounts his employer contributed or on the interest earned on the contributions. In May 1987, petitioner received a letter from the Office of Personnel Management outlining his options with respect to his retirement annuity. Petitioner elected the alternative annuity option for an initial single *223 payment and a reduced monthly annuity. As a result of this election, in 1987, petitioner received total distributions in the amount of $ 89,986.67, consisting of $ 62,664.27, the single payment, and $ 27,322.40, paid out as an annuity. The annuity, or installment portion, was determined by calculating the amount of annuity to which petitioner would have been entitled if he had not elected the single payment and reducing the same by the amount of the annuity which the pretax amount of the single payment would have provided. Petitioner received a Form W-2P for the total amount distributed in 1987. On petitioners' 1987 return, petitioner utilized Form 4972, Tax on Lump-Sum Distributions, upon which he elected the 5-year forward income-averaging method in computing the tax on the single distribution from his retirement plan. Subsequently, petitioner was notified by the Commissioner that petitioner was not entitled to use the 5-year averaging method; petitioner submitted an amended return for 1987 including $ 73,666 as the taxable portion of the CSRS distributions. The amended return was not accepted by the Internal Revenue Service because an IRA distribution of $ 8,838 reported *224 on the previously filed return had been omitted, and in addition, it was determined that the taxable portion of the CSRS distributions was improperly computed. In the notice of deficiency, respondent disallowed the use of the 5-year averaging method and included in petitioners' income the amounts determined to be the taxable portions of the CSRS single and annuity distributions. Petitioner contends that: (1) No portion of the single payment of $ 62,664.27 he received in 1987 constitutes taxable income because the distribution represents a return of his previously taxed contributions to the CSRS, and thus, he claims to be entitled to recover the entire payment tax free; and (2) if the single distribution is found to be includable in gross income, then he is entitled to use the 5-year averaging method for computing the tax. OPINION The first issue for our consideration is whether the single payment of $ 62,664.27, received by petitioner from the CSRS, constitutes taxable income. Section 402(a) provides that the amount distributed by any employee's trust described in section 401(a), which is exempt from tax under section 501(a), is taxable to the distributee in the year in which *225 so distributed under section 72(e)(1)(A) relating to annuities. A single "lump-sum" payment from the CSRS is a payment from a plan described in section 401(a). See . Such payment is subject to tax under section 72(e) as a payment received under an annuity contract which is "not received as an annuity." , affd. . Section 72 does, however, provide an exclusion mechanism. Section 72(b) excludes from gross income that portion of the distributions received from a qualified trust, such as the CSRS, which bears the same ratio as the investment in the contract bears to the expected return under the contract. This exclusion ratio operates to exclude from gross income taxpayer contributions over the entire period of the annuity. Thus, we find that petitioner was misguided in treating his contributions to his retirement account as totally nontaxable. Petitioner is required to compute his exclusion ratio and apply this ratio to all distributions received by him currently and over *226 the life of the annuity. In this manner, a portion of each distribution will be taxable income to petitioner and a portion will be a return of his earlier contributions. Therefore, we find petitioner's argument, that no portion of the single payment he received constitutes taxable income because the distribution represents a return of his previously taxed contributions to the CSRS, to be without merit. Accordingly, we find that the single payment received by petitioner in 1987 under the CSRS is includable in gross income under section 72 as determined by respondent. The second issue for our consideration is whether petitioner is entitled to use the 5-year forward income-averaging method provided in section 402(e) for computing tax on the single payment he received from the CSRS. With respect to a "lump sum distribution," a taxpayer with 5 or more years of participation in the plan may, in certain circumstances, elect 5-year forward income averaging under section 402(e). Section 402(e)(4)(A) provides the following: For purposes of this section * * *, the term "lump sum distribution" means the distribution or payment within one taxable year of the recipient of the balance *227 to the credit of an employee which becomes payable to the recipient -- (i) on account of the employee's death, (ii) after the employee attains age 59-1/2, (iii) on account of the employee's separation from the service, or (iv) after the employee has become disabled * * *
from a trust which forms a part of a plan described in section 401(a) * * *
In the instant case, petitioner did not receive the entire balance to his credit in the retirement plan in his taxable year 1987 as required in section 402(e)(4)(A). Instead, petitioner chose the alternative annuity and in doing so elected to take a portion of the balance to his credit as an annuity, which is payable over many years. Thus, the payment is not a "lump sum distribution" within the meaning of section 402(e)(4)(A), and petitioner is therefore not entitled to use the 5-year forward income-averaging method for calculating tax on lump-sum distributions provided in section 402(e)(1)(B). Accordingly, respondent is sustained on this issue. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.↩